UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN PAOLINI,

    Plaintiff,

vs.

RADCO REFRIGERATION AND
APPLIANCES, INCORPORATED
and ROBIN DELARDI, Individually,

    Defendants,

_____/

## COMPLAINT

COMES NOW, Plaintiff, KAREN PAOLINI, hereinafter referred to as "PLAINTIFF" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through her undersigned counsel and sues the Defendants, RADCO REFRIGERATION AND APPLIANCES, INCORPORATED, (hereinafter known as "RADCO") and ROBIN DELARDI, individually (hereinafter known as "DELARDI"), collectively known as "DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

### PARTIES

3. Plaintiff resides in Hernando County, Florida.

4. Defendant, RADCO, is a Florida profit corporation licensed and authorized to conduct business in the State of Florida and doing business within Hernando County. At all times material Defendant was an employer as defined by the FLSA.

5. Defendant, DELARDI, is the President of Radco Refrigeration and Appliances, Incorporated, and was acting in a supervisory capacity for Radco Refrigeration and Appliances, Incorporated. Defendant, DELARDI, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, DELARDI, possessed operational control of business activities.

6. Defendant, DELDARDI, was involved in the day to day operations and had direct responsibility for the supervision of Plaintiff.

7. At all times material Defendants were employers as defined by the laws under which this action is brought.

## GENERAL ALLEGATIONS

8. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

9. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. Plaintiff was hired by Defendants on or about October 2017 as an Office

Administrator.

12. Plaintiff was compensated on an hourly rate basis.

13. Plaintiff's regular work schedule was 8:30 a.m. to 4:30 p.m.

14. Beginning in January 2018 Plaintiff was required to work "on call" between 4:30 p.m. and 8:30 a.m. three to four days a week. Plaintiff was not compensated for this time.

15. In addition, Plaintiff was required to work every other Saturday 8:00 a.m. to 11:00 a.m. Plaintiff was also not compensated for these hours.

16. During her on-call shifts, Plaintiff regularly and routinely performed work for Defendants. Plaintiff's good faith estimate is that she worked on average eight (8) to twelve (12) hours a week on-call, in addition to the Saturday work unpaid.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME) AS TO DEFENDANT, RADCO REFRIGERATION AND APPLIANCES, INCORPORATED

17. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

18. Defendant, RADCO, is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

19. Throughout her employment with Defendant, RADCO, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

20. The FLSA requires each covered employer such as Defendant, RADCO, to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

21. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant, RADCO.

3

22. Defendant's, RADCO, failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

23. Defendant, RADCO, knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

24. Defendant's, RADCO, violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant, RADCO, knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

25. As a direct result of Defendant's, RADCO, violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

26. As a result of Defendant's, RADCO, violations of the FLSA, Plaintiff is entitled liquidated damages.

27. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, RADCO, including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation

pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARD ACT (UNPAID OVERTME) AS TO DEFENDANT, ROBIN DELARDI

28. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

29. Defendant, DELARDI, is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

30. Throughout her employment with Defendant, DELARDI, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

31. The FLSA requires each covered employer such as Defendant, DELARDI, to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

32. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant, DELARDI.

33. Defendant's, DELARDI, failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

34. Defendant, DELARDI, knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

35. Defendant's, DELARDI, violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant, DELARDI, knew that her conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

36. As a direct result of Defendant's. DELARDI, violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

37. As a result of Defendant's, DELARDI, violations of the FLSA, Plaintiff is entitled liquidated damages.

38. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, DELARDI, including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

**WHEREFORE**, Plaintiff demands a trial by jury and judgment against Defendant, DELARDI, for an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) Dollars, plus interest, costs, and attorney's fees, and for such other and further relief to which Plaintiff may be justly entitled.

Dated: February 8, 2019

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff